```
                                              ┌─────────────────────────┐
                                              │          FILED          │
                                              │ CLERK, U.S. DISTRICT COURT │
                                              │                         │
                                              │     11/18/2016          │
                                              │                         │
                                              │ CENTRAL DISTRICT OF CALIFORNIA │
                                              │ BY: _____VP_____ DEPUTY │
                                              └─────────────────────────┘
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO ESTRADA,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. EDCV 16-0575-KK<br><br>MEMORANDUM AND ORDER |

Plaintiff Rolando Estrada ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his application for Title XVI Supplemental Security Income Benefits ("SSI").  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to Title 28 of the United States Code, section 636(c).  For the reasons stated below, the Commissioner's decision is AFFIRMED.

## I.

## PROCEDURAL HISTORY

On December 4, 2012, Plaintiff filed an application for SSI, alleging a disability onset date of July 3, 2009.  Administrative Record ("AR") at 145-51. Plaintiff's application was denied initially on April 12, 2013, and upon

reconsideration on October 18, 2013.  Id. at 87-91, 93-99.  On November 13, 2013, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  Id. at 100.  On September 19, 2014, Plaintiff appeared with counsel and testified at a hearing before the assigned ALJ.  Id. at 22-58.  A vocational expert ("VE") also testified at the hearing.  Id. at 50-56.  On October 17, 2014, the ALJ issued a decision denying Plaintiff's application for SSI.  Id. at 7-21.

On November 5, 2014, Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision.  Id. at 5-6.  On March 10, 2016, the Appeals Council denied Plaintiff's request for review.  Id. at 1-4.

On March 29, 2016, Plaintiff filed the instant action.  ECF Docket No. ("Dkt.") 1, Compl.  This matter is before the Court on the Parties' Joint Stipulation ("JS"), filed November 3, 2016.  Dkt. 21, JS.

## II.

## PLAINTIFF'S BACKGROUND

Plaintiff was born on February 5, 1969, and his alleged disability onset date is July 3, 2009.  AR at 145, 162.  He was forty years old on the alleged disability onset date and forty-five years old at the time of the hearing before the ALJ.  Id. at 22, 145, 162.  Plaintiff has a limited education and prior work experience as a materials clerk and an electrician supervisor.  Id. at 70, 167.  Plaintiff alleges disability based on his hip replacement.  Id. at 62, 166.

## III.

## STANDARD FOR EVALUATING DISABILITY

To qualify for SSI, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months.  Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998).  The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful

1   employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094,

2   1098 (9th Cir. 1999).

3          To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ

4   conducts a five-step inquiry.  20 C.F.R. §§ 404.1520, 416.920.  The steps are:

5          1.  Is the claimant presently engaged in substantial gainful activity?  If so,

6              the claimant is found not disabled.  If not, proceed to step two.

7          2.  Is the claimant's impairment severe?  If not, the claimant is found not

8              disabled.  If so, proceed to step three.

9          3.  Does the claimant's impairment meet or equal one of the specific

10             impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If

11             so, the claimant is found disabled.  If not, proceed to step four.[1]

12         4.  Is the claimant capable of performing work she has done in the past?  If

13             so, the claimant is found not disabled.  If not, proceed to step five.

14         5.  Is the claimant able to do any other work?  If not, the claimant is found

15             disabled.  If so, the claimant is found not disabled.

16  See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949,

17  953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

18         The claimant has the burden of proof at steps one through four, and the

19  Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-

20  54.  Additionally, the ALJ has an affirmative duty to assist the claimant in

21  developing the record at every step of the inquiry.  Id. at 954.  If, at step four, the

22  claimant meets his burden of establishing an inability to perform past work, the

23  Commissioner must show that the claimant can perform some other work that

24  exists in "significant numbers" in the national economy, taking into account the

---

26  [1] "Between steps three and four, the ALJ must, as an intermediate step, assess the
    claimant's [residual functional capacity]," or ability to work after accounting for
27  her verifiable impairments.  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219,
    1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)).  In determining a
28  claimant's residual functional capacity, an ALJ must consider all relevant evidence
    in the record.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.

## THE ALJ'S DECISION

**A.     STEP ONE**

At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since December 4, 2012, the application date" for disability benefits. AR at 12.

**B.     STEP TWO**

At step two, the ALJ found Plaintiff "ha[d] the following severe impairments: history of right-hip replacement surgery; lumbar sprain/strain; bilateral shoulder sprain/strain; and obesity." Id.

**C.     STEP THREE**

At step three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Id.

**D.     RFC DETERMINATION**

The ALJ found Plaintiff had the following RFC,

"to perform sedentary work as defined in 20 CFR 416.967(a) except for the following limitations: no climbing of ladders, ropes, and scaffolding; no more than occasional crawling, balancing, and climbing ramps and stairs; no more than rare stooping, kneeling and crouching; no overhead reaching; and precluded from performing complex and detailed work, but remains capable of performing unskilled labor."

Id. at 13.

///

///

4

**E.      STEP FOUR**

At step four, the ALJ found Plaintiff "is unable to perform any past relevant work." Id. at 16.

**F.      STEP FIVE**

At step five, the ALJ found "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Id. at 17. Thus, Plaintiff "has not been under a disability, as defined in the Social Security Act, since December 4, 2012, the date the application was filed." Id. at 18.

## V.

## PLAINTIFF'S CLAIM

Plaintiff presents two disputed issues: (1) whether the ALJ properly considered the applicability of Listing 1.03 when determining whether Plaintiff's impairments met the severity standards required at Step Three; and (2) whether the ALJ properly considered the consultative examiner's opinion in determining Plaintiff's RFC.

## VI.

## STANDARD OF REVIEW

Pursuant to Title 42 of the United States Code, section 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To

1   determine whether substantial evidence supports a finding, the reviewing court

2   "must review the administrative record as a whole, weighing both the evidence that

3   supports and the evidence that detracts from the Commissioner's conclusion."

4   Reddick, 157 F.3d at 720 (citation omitted); see also Hill v. Astrue, 698 F.3d 1153,

5   1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by

6   isolating a 'specific quantum of supporting evidence'") (citation omitted).  "If the

7   evidence can reasonably support either affirming or reversing," the reviewing court

8   "may not substitute its judgment" for that of the Commissioner.  Reddick, 157

9   F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012)

10  ("Even when the evidence is susceptible to more than one rational interpretation,

11  we must uphold the ALJ's findings if they are supported by inferences reasonably

12  drawn from the record.").

13       The Court may review only the reasons stated by the ALJ in his decision

14  "and may not affirm the ALJ on a ground upon which he did not rely."  Orn v.

15  Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  If the ALJ erred, the error may only be

16  considered harmless if it is "clear from the record" that the error was

17  "inconsequential to the ultimate nondisability determination."  Robbins, 466 F.3d

18  at 885 (citation omitted).

## VII.

## RELEVANT FACTS

21       In 2009, Plaintiff had surgery to replace his right hip.  AR at 66, 145, 166.  As

22  a result of the surgery, Plaintiff testified he suffers chronic and constant pain that

23  causes him to "lose [his] balance" and requires him to "carry [a] cane around."

24  Id. at 36, 40.  According to Plaintiff's testimony at the hearing in September 2014,

25  he uses the cane "at all times."  Id. at 54.

26       In addition to the hearing testimony, Plaintiff described his daily activities in

27  an Exertion Activities Questionnaire ("Questionnaire").  Id. at 185-87.  In the

28  Questionnaire, Plaintiff indicated he was capable of performing a number of

activities, including the ability to walk half a mile in about 45 minutes; to climb stairs every day – though sometimes this caused him pain; to carry a small laundry basket about 20 feet; and to conduct various chores around the house like vacuuming, sweeping, and dusting for about 3-4 hours.  Id.  Despite Plaintiff's hearing testimony, Plaintiff's response in the Questionnaire indicated he was not completely reliant upon his cane, but rather used a cane "to walk when [he is] in too much pain on occasion."  Id. at 187.

Lastly, in March 2013, Plaintiff received a Consultative Orthopedic Examination conducted by Dr. Anh Tat Hoang, M.D., to evaluate Plaintiff's functional abilities.  Id. at 271-75.  According to Dr. Hoang, Plaintiff "use[d] a cane for ambulation;" but even without the cane, Plaintiff was able to "ambulate[] with a mild limping gait favoring the right hip."  Id. at 272.  Based on his examination, Dr. Hoang concluded Plaintiff could "stand and/or walk four hours in an eight-hour workday" and that an assistive device could be "useful for long distance or walking on uneven ground."  Id. at 274.

## VIII.

## DISCUSSION

**A.    THE ALJ PROPERLY DETERMINED PLAINTIFF DID NOT MEET THE REQUIREMENTS OF LISTING 1.03**

### 1.    APPLICABLE LAW

At step three of the sequential evaluation process, the ALJ must determine if a plaintiff's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tackett, 180 F.3d at 1099.  If a claimant meets or equals a listed impairment, he will be found disabled at this step without further inquiry.  See id.; 20 C.F.R. § 404.1520(d).  The claimant bears the burden of proving that he has an impairment or combination of impairments that meets or equals the criteria of a listed impairment.  Cunningham v. Astrue, No. CV 11-144 JC, 2011 WL 5103760, at *3 (C.D. Cal. Oct. 27, 2011).  "To meet a listed impairment, a claimant

7

must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim.  To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." Tackett, 180 F.3d at 1099 (citing 20 C.F.R. § 404.1526).

Under Adult Listing of Impairments, Listing 1.03, a person is disabled if he has had "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00(B)(2)(b), and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." 20 C.F.R. § Pt. 404, Subpt. P, App. 1.  Inability to ambulate effectively is defined as

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00 J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.  (Listing 1.05 C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)

Listing 1.00(B)(2)(b), 20 C.F.R. § Pt. 404, Subpt. P, App. 1.  To ambulate effectively,

> individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living.  They must have the ability to travel without companion assistance to and from a place of employment or school.  Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a

8

walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail.  The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

Id.

## 2.   ANALYSIS

In this case, the ALJ's determination Plaintiff's impairment does not meet the two requirements of Listing 1.03 is supported by substantial evidence.[2]  While Plaintiff meets the first requirement of Listing 1.03 because he has had reconstructive surgery on a major weight-bearing joint, he has failed to present sufficient evidence to meet the second requirement, which mandates evidence of the inability to "ambulate effectively."  See 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

Plaintiff argues Dr. Hoang's conclusions that Plaintiff "ambulated with a mild limping gait favoring the right hip" and that Plaintiff would find an assistive device "useful for long distances or walking on uneven ground" is evidence Plaintiff has not been able to return to effective ambulation in the years following his hip surgery.  JS at 5.  However, ambulation with a mild limping gait or frequent use of an assistive device is insufficient alone to establish an inability to effectively ambulate under the definition outlined in Listing 1.00(B)(2)(b)(1) because "[a]n individual who can walk adequately with a cane or other device that affects only one

_____

[2] Although the ALJ did not discuss the medical evidence in detail at step three before determining Plaintiff did not meet the requirements of Listing 1.03, he weighed the objective medical evidence and discussed his findings at step four of the opinion.  See Lewis v. Apfel, 236 F.3d 503, 513 (9th Cir. 2001) (holding an ALJ's discussion and evaluation of the evidence to support his conclusion sufficient even if not discussed under the relevant section of the ALJ's report).

1    upper extremity cannot be considered as incapable of any gainful activity."

2    Revised Medical Criteria for Determination of Disability, Musculoskeletal System

3    and Related Criteria, 66 FR 58010-01.

4         Here, Plaintiff's testimony and responses to the Questionnaire as well as Dr.

5    Hoang's objective medical findings indicate Plaintiff is able to ambulate effectively

6    with a cane (i.e., an assistive device that would affect only one of Plaintiff's upper

7    extremities). See AR at 54, 187, 272, 274. Significantly, Plaintiff's own testimony

8    and questionnaire responses only ever discuss the use of a single cane. See, e.g.,

9    id. at 40, 54, 187. Additionally, even without an assistive device, Dr. Hoang

10   observed Plaintiff is still able to ambulate, though he is limited by a mild limp

11   favoring his right hip. Id. at 272. Lastly, Dr. Hoang concluded that, even with

12   Plaintiff's limitations, Plaintiff was capable of "stand[ing] and/or walk[ing] four

13   hours in an eight-hour workday." Id. at 274. Thus, based on Dr. Hoang's

14   observations as well as Plaintiff's hearing testimony and description of his daily

15   activities, the ALJ's conclusion Plaintiff's impairment did not meet or equal Listing

16   1.03 is supported by substantial evidence which indicates Plaintiff does not qualify

17   as an individual who is unable to ambulate effectively. See 20 C.F.R. § Pt. 404,

18   Subpt. P, App. 1. Hence, the ALJ properly considered the applicability of Listing

19   1.03 when determining whether Plaintiff's impairments met the severity standard

20   required at step three.

21   **B.    THE ALJ PROPERLY CONSIDERED THE CONSULTATIVE**

22   **       EXAMINER'S OPINION WHEN DETERMINING PLAINTIFF'S**

23   **       RFC**

24         **1.    APPLICABLE LAW**

25         An ALJ "must consider all medical opinion evidence;" however, he is "not

26   bound by an expert medical opinion on the ultimate question of disability."

27   Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). If the ALJ rejects an

28   expert medical opinion's ultimate finding on disability, he "must provide 'specific

1   and legitimate' reasons for rejecting the opinion." Id. (quoting Lester v. Chater, 81

2   F.3d 821, 830-31 (9th Cir. 1995), as amended (Apr. 9, 1996)).  An ALJ is not

3   precluded from relying upon a physician's medical findings, even if he refuses to

4   accept the physician's ultimate finding on disability.  See e.g., Magallanes v.

5   Bowen, 881 F.2d 747, 754 (9th Cir. 1989).

6         **2.    ANALYSIS**

7         Here, the ALJ properly considered Dr. Hoang's findings and observations

8   regarding Plaintiff's ambulatory limitations in coming to the appropriate RFC

9   determination.  In fact, while Dr. Hoang only limited Plaintiff to light work, the

10  ALJ concluded Plaintiff's limitations actually confined him to the more restricted

11  sedentary occupational base.  AR at 15.  In making his finding, the ALJ considered

12  Plaintiff's treatment history, which included various levels of prescribed pain

13  medications, but relied largely on Plaintiff's subjective claims of constant and

14  chronic hip pain and heavy reliance upon an assistive walking device.  Id. at 13-16.

15  Ultimately, the ALJ determined Dr. Hoang's conclusion that Plaintiff was capable

16  of light work did not reflect Plaintiff's current limitations because Dr. Hoang was

17  unable to "have the benefit of considering the hearing testimony," which reflected

18  Plaintiff's subjective complaints at the time of the hearing.  Id. at 15.

19        Despite the ALJ's reduced RFC determination, Plaintiff maintains the ALJ

20  erred by improperly rejecting Dr. Hoang's medical opinion that Plaintiff could find

21  an assistive device useful for "long distance or walking on uneven ground."  JS at

22  13; AR at 274.  However, the ALJ's election to reduce Plaintiff's residual

23  functional capacity, from an occupational skill base that allows for six hours of

24  standing or walking in an eight-hour work day to an occupational skill base that

25  allows no more than two hours of standing or walking in an eight-hour work day, in

26  fact, accounts for the ambulatory limitations outlined by Dr. Hoang.  See SSR 83–

27

28

1  10 at *5 (citing 20 C.F.R. §§ 404.1567, 416.967).  According to SSR 96-9P[3], even an

2  individual "who must use a hand-held assistive device to aid in walking or standing

3  because of an impairment that affects one lower extremity (e.g., an unstable knee),

4  or to reduce pain when walking, who is limited to sedentary work because of the

5  impairment affecting the lower extremity, and who has no other functional

6  limitations or restrictions may still have the ability to make an adjustment to

7  sedentary work that exists in significant numbers."  Titles II & XVI: Determining

8  Capability to Do Other Work-Implications of A Residual Functional Capacity for

9  Less Than A Full Range of Sedentary Work, SSR 96-9P (S.S.A. July 2, 1996).  As

10  the ALJ properly noted, reduction to a sedentary work base "do[es] not preclude

11  the use of a cane."  AR at 15.  Thus, contrary to Plaintiff's claims, the ALJ did not

12  reject Dr. Hoang's medical opinion that Plaintiff could find an assistive device

13  useful, but rather incorporated Dr. Hoang's opinion when he ultimately

14  determined a sedentary work base was the appropriate occupational base level for

15  Plaintiff's RFC determination.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

25  [3] SSRs, according to the governing regulations, "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" of the SSA.  20 C.F.R. §
26  402.35(b)(1).  "SSRs reflect the official interpretation of the [SSA] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and
27  regulations." Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir. 2006) (quoting
28  Ukolov v. Barnhart, 420 F.3d 1002, 1005 n. 2 (9th Cir. 2005)); Bray, 554 F.3d at 1224.

12

## IX.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that judgment be entered AFFIRMING the decision of the Commissioner.

Dated: November 18, 2016

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge